## 24611. COLE *v.* THE STATE.

DECIDED NOVEMBER 1, 1935.

*John T. Dorsey,* for plaintiff in error.
*H. G. Vandiviere, solicitor-general,* contra.

MacINTYRE, J. Grayson Cole was convicted of assault with intent to murder by striking Grover Higdon with a rock. The jury found the defendant guilty, and recommended that he be punished as for a misdemeanor. The only question for determination is whether the court erred in overruling the motion for new trial on the general grounds.

Higdon remembered very little about the difficulty, and his testimony is unconvincing and unsatisfactory. His explanation was that the difficulty occurred "quite a while ago." He did swear, however, that when he came to himself his head was cut in several places and he was "beat up;" that the worst cut was behind his left ear; that he was "unconscious a while;" that, while

he did not know exactly who struck him, Cole was with him; and that it "happened in Fannin County." . It appears from other evidence adduced in behalf of the State, that, after falling in the water where several persons were bathing, Higdon shoved Cole, who was fully dressed, into the water; that Cole said "he didn't like it," and cursed Higdon when he offered to shake hands with him, and struck Higdon twice with "a good-sized rock" which was "as big as that ink box there;" that the first blow knocked Higdon against the bank; that the next one knocked him down in the branch; and that Higdon was struck in the temple, appeared to be unconscious, and was quite bloody. The material part of the defendant's statement was that Higdon shoved him in the water with all his clothes on, cursed him when he told him he should not have done it, "rammed his hand down in his pocket" and "was coming up with it;" and the defendant "hit him."

There being evidence to support the verdict, this court can not reverse the judgment for lack of evidence. The trial court acquiesced in the jury's recommendation that the defendant be punished as for a misdemeanor, and sentenced him to pay a small fine or work on the chain-gang for twelve months. Justice appears to have been tempered with mercy. We hold that the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*